IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:08CR313–HEH |
| ) | |
| TIMMY O. BROWN, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Dismissing Claim 2 and Referring
Claim 1 to the Magistrate Judge)

Timmy O. Brown ("Petitioner"), a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner contends that he is entitled to relief because he did not receive the effective assistance of counsel. Specifically, Petitioner contends:

> Claim 1     Counsel failed to file an appeal as directed.
>
> Claim 2     "[A]t the plea negotiation and at the change of plea hearing ... counsel labored under an actual conflict of interest." (§ 2255 Mot. 5.)[1]

The Government has responded. Petitioner has replied. The matter is ripe for judgment.

## I. ALLEGED INEFFECTIVE ASSISTANCE DURING PLEA PROCEEDINGS

In support of Claim 2, Petitioner asserts the following:

> From the outset of my case, Attorney Jackson contended that the Government's evidence against me was substantial and that trial was futile. He assured me that the only way to avoid a substantial sentence in my case

---

[1] Although in Claim 2, Petitioner suggests that counsel had a conflict of interest, as explained *infra* Part I, such an assertion is frivolous. Therefore, Claim 2 will be analyzed under the familiar rubric of *Strickland v. Washington*, 466 U.S. 668 (1984).

was to cooperate with the government and plead guilty as charged. He never explained how the consequences of my guilty plea would implicate me under the relevant conduct provision of the sentencing guidelines for the actions of others. Rather, he permitted [me] to plead guilty to a pre-formulated statement of fact that coupled with the factual basis the government would use to support the plea would substantial[ly] increase my potential sentence. This failure to explain matters pertaining to the sentencing guidelines that he knew would apply if I plead [sic] guilty to the terms of the plea agreement, precluded me from making an informed decision to plea [sic] guilty, and indicate that counsel abandoned his duty of loyalty and joined the prosecution to obtain a conviction. This affront to the adversarial process undermines the reliability of judgment and evinces that my guilty plea was not voluntarily and intelligently made.

(§ 2255 Mot. 5.)

The Sixth Amendment[2] guarantee of effective assistance of counsel "'requires meaningful compliance with the duty of loyalty and the duty to avoid conflicts of interest, and a breach of these basic duties can lead to ineffective representation.'" *United States v. Nicholson*, 475 F.3d 241, 249 (4th Cir. 2007) ("*Nicholson I*") (quoting *United States v. Tatum*, 943 F.2d 370, 375 (4th Cir. 1991)). "When a petitioner premises his ineffective assistance claim on the existence of a conflict of interest, the claim is subjected to the specific standard spelled out in *Cuyler v. Sullivan*, 446 U.S. 335 (1980), instead of that articulated in *Strickland*." *Id.* (citations and parallel citations omitted). Specifically, "in order to prevail on an actual conflict of interest claim, [the petitioner must show] that (1) petitioner's lawyer operated under a 'conflict of interest' and (2) such conflict 'adversely affected his lawyer's performance.'" *United States v. Nicholson*, 611 F.3d 191, 195 n.2 (4th Cir. 2010) (*Nicholson II*) (quoting *Cuyler*, 446 U.S. at 348). "If the petitioner makes

---

[2] "In all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

this showing, prejudice is presumed and nothing more is required for relief." *Id.* at 205 (citing *Cuyler*, 446 U.S. at 349–50).

Petitioner, however, fails to identify a factual or legal issue, or course of action, with which Petitioner's interests diverged from the interests of Mr. Jackson. *See United States v. Lewis*, No. 3:07CR310–HEH, 2011 WL 5325660, at *3 (E.D. Va. Nov. 3, 2011) (dismissing similar claim). Claims such as this "which state only legal conclusions with no supporting factual allegations" and which consist of allegations of "vague, conclusory, and palpably incredible nature" are subject to summary dismissal. *Raines v. United States*, 423 F.2d 526, 531 (4th Cir. 1970) (internal citations and quotation marks omitted). Accordingly, Petitioner's conflict of interest claim lacks merit and will be dismissed. Nevertheless, considering the leniency afforded *pro se* litigants, the Court also will address Petitioner's claim as one for deficient performance under *Strickland v. Washington*, 466 U.S. 668 (1984).

To demonstrate the ineffective assistance of counsel, a defendant must first show that counsel's representation was deficient and then that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. To satisfy the deficient performance prong of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). To satisfy the prejudice prong of Strickland, the defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a

3

probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court has modified this second prong of *Strickland* to require the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). In light of the strong presumption of verity that attaches to a petitioner's declarations during his plea proceedings, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations and quotations omitted). Thus, the United States Court of Appeals for the Fourth Circuit has admonished that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221–22.

Petitioner suggests that counsel provided ineffective assistance because counsel failed "to explain matters pertaining to the sentencing guidelines that [counsel] knew would apply if [Petitioner] plead [sic] guilty to the terms of the plea agreement." (§ 2255 Mot. 5.) Petitioner fails to allege, as he must, that he would have pled not guilty and insisted upon going to trial had he received better advice or more fulsome assistance of counsel. *Hill*, 474 U.S. at 60. That deficiency alone requires the dismissal of Claim 2.[3] Moreover, the central thrust of Petitioner's claim—that his guilty plea was somehow improperly induced by counsel's incomplete and inaccurate advice about his potential sentence—also is foreclosed by Petitioner's representations during his Rule 11 Proceedings.

During those proceedings, Petitioner acknowledged that he faced a sentence of between ten years and life. (Plea Agreement ¶ 1; Plea Hr'g 3:24:46–3:25:30.)[4] Petitioner further acknowledged that "the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel . . . is a prediction, not a promise, and is not binding on the United States, or the Probation Office, or the Court." (Plea Agreement ¶ 5.) Petitioner also acknowledged that he could be sentenced up to the maximum term of life imprisonment. (Plea Hr'g Tr.

---

[3] In his Reply, Petitioner suggests, *inter alia*, that counsel performed a deficient investigation and failed to provide Petitioner with discovery material. (Pet'r's Reply Pet'r's Decl. (Dk. No. 51-1) ¶¶ 5–8, 21.) Petitioner has not sought to amend his § 2255 Motion to bring these additional claims. In any event, these claims lack merit because Petitioner does not allege, much less demonstrate, that he would have proceeded to trial had counsel conducted an adequate investigation or provided Petitioner with discovery material.

[4] All citations to the plea hearing refer to the Court's digital audio file of that proceeding.

3:30:00–3:30:15.) Because the Court properly informed Petitioner of the potential sentence he faced and that he could not rely upon any estimate provided by counsel, Petitioner could not be prejudiced by any misinformation or lack of information from his counsel with respect to his sentence. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995). Accordingly, Claim 2 will be dismissed.

## II. ALLEGED INEFFECTIVE ASSISTANCE WITH RESPECT TO APPEAL

An attorney's failure to file a requested appeal is *per se* ineffective assistance of counsel. *See Roe v. Flores-Ortega,* 528 U.S. 470, 483–86 (2000). This is true even if the defendant has waived his right to appeal. *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). The Fourth Circuit has instructed that "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." *Id.* at 272.[5] That is the case here.

Petitioner swears that, following sentencing, he instructed his attorney, Brent Jackson, to file an appeal. (§ 2255 Mot. 5.) Mr. Jackson swears that Petitioner never requested that he note an appeal. (Gov't's Resp. § 2255 Mot. Ex. 2 ("Jackson Aff."))

---

[5] The Court notes that a split of authority exists respecting whether a lawyer is *per se* ineffective when the lawyer fails to file a notice of appeal despite his client's wishes, even when the defendant has waived his right to appeal and has no meritorious issues to raise. The United States Court of Appeals for the Seventh Circuit departs from the majority of circuits, and holds that counsel is not *per se* ineffective for honoring a client's written waiver of appeal instead of the client's later oral instruction to appeal. *Nunez v. United States*, 546 F.3d 450, 456 (7th Cir. 2008). Despite this contrary precedent from a different circuit, this Court adheres to the principles announced by the Fourth Circuit. *See Poindexter*, 492 F.3d at 265.

6

¶¶ 1–2, 9, 12.)[6] Although counsel denies that he promised to file an appeal, when, as here, "a colorable Sixth Amendment claim is presented, and where material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary." *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992) (citing *Becton v. Barnett*, 920 F.2d 1190, 1192 (4th Cir. 1990); *Moore v. United States*, 950 F.2d 656, 661 (10th Cir. 1991)). Accordingly, Claim One will be referred to the Honorable M. Hannah Lauck, United States Magistrate Judge, for all further proceedings including an evidentiary hearing, if necessary.

### III. FURTHER PROCEEDINGS

The record will be expanded under Rule 7 of the Rules Governing § 2255 Motions to include the following documents to be submitted within twenty-one (21) days of the date of entry hereof:

> A. Petitioner shall submit copies of any records or correspondence which support his assertion that he conveyed to counsel his desire to file an appeal.

> B. Petitioner is directed to provide the Court with a statement reciting any communications he had with counsel concerning Petitioner's instructions to counsel regarding an appeal. The statement must include a verbatim account of what Petitioner said to his attorney and the exact responses from his attorney. The statement must recite the date and locations of any conversations that took place. Additionally, Petitioner must identify what efforts he made to ascertain whether his attorney had filed an appeal. Petitioner must explain when and why he first suspected that counsel had not filed an appeal. Such statement must be in affidavit form or sworn under penalty of perjury.

> C. Trial counsel, Brent Jackson, is directed to provide the United States with copies of all correspondence to Petitioner regarding an appeal.

---

[6] The Court notes that Jackson's affidavit does not contain a signature page.

7

Additionally, Mr. Jackson shall provide the United States with copies of all correspondence received from Petitioner or sent to Petitioner following his sentencing that are relevant to whether Petitioner requested an appeal. Finally, at the request of the United States, Mr. Jackson shall provide the United States with a sworn statement regarding his communications with Petitioner concerning the pursuit of an appeal.

      D.    The United States is directed to file all information provided by Mr. Jackson with the Court and shall properly serve Petitioner with the same.

An appropriate Order will accompany this Memorandum Opinion.

                                            /s/
                                Henry E. Hudson
                                United States District Judge

Date: Dec. 29, 2011
Richmond, Virginia